UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MBD. No. 15-10185-IT |
| v. | ) | |
| | ) | |
| STEVEN J. BALTHAZARD, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through the undersigned Assistant U.S. Attorney, hereby registers its opposition to the Defendant's Motion to Terminate Supervised Release Pursuant to 18 U.S.C. Section 3583(e)(1).

On December 13, 2002, a jury seated in the U.S. District Court for the District of Rhode Island found the defendant, Steven J. Balthazard ("Balthazard"), guilty of conspiring to knowingly and intentionally manufacture more than 1,000 marijuana plants and to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vii). On March 4, 2003, the District Court judge sentenced Balthazard to 168 months' incarceration and 5 years' supervised release. The judge further imposed a fine of $20,000 and ordered the defendant to pay $270.59 per month for 60 months to offset the cost of his supervised release. The defendant was released from custody of the Bureau of Prisons on or about May 30, 2015. On July 13, 2015, the District Court for the District of Massachusetts accepted the transfer of jurisdiction for supervised release over Balthazard. On September 29, 2015, at the request of the U.S. Probation Department, the District Court removed the $270.59 per month assessment of the cost of supervised release and concurred with the request to require the defendant to pay scheduled monthly payments of $200

1

towards the $20,000 fine imposed as part of Balthazard's sentence.  Assuming no violations of conditions of release occur in the future, the defendant is scheduled to complete his term of supervised release on or about May 29, 2020.  He continues to make $200-per-month payments to satisfy the judgment against him by the District Court of Rhode Island.

On November 14, 2018, Balthazard filed a *pro se* motion to terminate his supervised release claiming, incorrectly, that he has successfully completed four years of his supervision.  Under 18 U.S.C. § 3583(e)(1), the District Court, after considering certain factors set forth in § 3553(a), may terminate terms of supervised release in felony cases after the expiration of one year of supervision if satisfied that such action "is warranted by the conduct of an offender and is in the interest of justice."[1]  The defendant, however, bears the burden of proving his entitlement to early termination.  *United States v. Seger*, 2014WL5473020 at *7 (D. Maine Oct. 27, 2014).

Here, according to the Probation Department, the defendant still owes approximately $5,653.62 of the $20,000 fine that was part of his sentence.[2]  Therefore, the government suggests, terminating the defendant's term of supervised release one and one-half years prior to its completion and before satisfaction of the final judgment against him is not "in the of justice" - particularly in light of the nature of the offense, the need for adequate deterrence, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of conspiring to manufacture more than 1,000 marijuana plants.  In short, the

---

1 The factors to consider under § 3583(e)(1) are "3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) …."

2 Under 18 U.S.C. §§ 3571 and 3572, a "defendant who has been found guilty of an offense may be sentenced to pay a fine," and the imposition of a sentence of a fine constitutes a final judgment of the court that can be modified or remitted upon petition of the government, not the defendant, under 18 U.S.C. § 3573.

defendant has failed to show, as is his burden, that he is entitled to early termination of supervised release. Balthazard offers no explanation how the "low-intensity" supervision is negatively affecting his life or hindering the defendant's opportunities. *See United States v. Rasco*, 2000WL45438, at *2 (S.D.N.Y. Jan. 19, 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)) (noting that early discharge from supervised release is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release, and even then only "occasionally" is it warranted due to "changed circumstances"). He offers no viable rationale for early termination other than his compliance with release conditions, which is expected of him, and his statutory eligibility. *See United States v. Weintraub*, 371 F. Supp.2d 164, 167 (D. Conn. 2005) ("Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release."); *United States v. Medina*, 17 F. Supp 2d 245, 247 (S.D.N.Y. 1998) (defendant's unblemished post-incarceration alone cannot suffice to terminate supervised release since, "if it were, the exception would swallow the rule."). He should complete the remaining portion of his supervised release – at the very least until he satisfies payment of the outstanding judgment against him.

For the reasons stated above, the government respectfully suggests that the Court deny the

defendant's motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ William F. Bloomer*
WILLIAM F. BLOOMER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, William F. Bloomer, certify that I caused a copy of this memorandum to be sent by mail to Steven Balthazard, at his address in Seekonk, MA.

*/s/ William F. Bloomer*
WILLIAM F. BLOOMER
Assistant U.S. Attorney
617-748-3100

Date:   November 20, 2018