UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | Criminal No. 1:15-cr-10185 |
| | * | |
| STEVEN J. BALTHAZARD, | * | |
| | * | |
| Defendant. | * | |

## ORDER

January 15, 2019

TALWANI, D.J.

Following a hearing pursuant to Federal Rule of Criminal Procedure 32.1(c), Defendant's <u>Motion to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)</u> [#6] is ALLOWED as set forth herein.

Defendant's five-year term of supervised release commenced on May 30, 2015. <u>See</u> Transfer of Jurisdiction [#2]. More than one year of supervised release has expired, and accordingly, the court may consider at this time whether termination of supervised release is warranted by: (a) the conduct of the defendant released, and (b) the interest of justice. <u>See</u> 18 U.S.C. § 3583(e)(1). In making this determination, the court is required to consider some, but not all, of the factors that must be considered in imposing a sentence. 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). Notably, the one section 3553(a) factor that the court is not directed to consider when terminating (or imposing) a term of supervised release is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); <u>see</u> 18 U.S.C. § 3583(e) (omitting 18 U.S.C. § 3553(a)(2)(A) from the list of factors to be considered in modifying or terminating supervised

release); see also 18 U.S.C. § 3583(c) (omitting this same factor from the factors to be considered when imposing a sentence in determining whether to include a term of supervised release, and if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release). The omission of this factor reflects a statutory scheme where imposition and termination of supervised release is directed toward safety of the community and the rehabilitation and reintegration of a defendant, and is not directed toward punishment.

Defendant asserts that he has fully conformed to all of the terms and conditions imposed upon him by the Probation Department and that his case was transferred to the Probation Office's "low intensity caseload" two years ago. Def.'s Mot. to Terminate 1 [#6]. The government does not rebut this assertion. The government's Opposition acknowledges further that Defendant has satisfied his monthly financial obligations to pay for the costs of supervised release (until that assessment was removed by the court) and has made his monthly payments of $200 towards the $20,000 fine imposed by the court. Gov't's Opp'n 2 [#7] The court thus finds that the first prong, the Defendant's conduct over three and a half years of supervised release, supports his request for early termination.

The government argues that terminating supervised release before the full five-year term of supervision is not in the interest of justice, particularly in light of the nature of the offense, the need for adequate deterrence, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of conspiring to manufacture more than 1,000 marijuana plants. Id. Consideration of these non-punitive factors favor the Defendant: the offense was a non-violent crime and does not suggest any ongoing criminal activity; Defendant's conduct during imprisonment (as represented by Defendant and not rebutted by the

government) and during his supervised release shows no tendency to engage in any further criminal conduct; and, Defendant was sentenced prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and has thus already served a more substantial sentence and period of supervised release than is likely to have been imposed post-Booker, such that terminating supervised release after three and a half years would cause no sentencing disparities. The court thus finds that terminating supervised release in this case is in the interest of justice.

The government argues finally that supervised release should not be terminated early while Defendant still owes the $5,653.62 of the fine. Gov't's Opp'n 2-3 [#7]. But the balance due on a fine is not a factor identified in the statute for the court to consider in connection with the imposition or termination of supervised release, see 18 U.S.C. § 3583, and terminating supervised release before the fine is fully paid in no way excuses Defendant from paying the outstanding judgment against him.

Accordingly, the court ALLOWS Defendant's Motion to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1) [#6]. The court orders Defendant's supervised release terminated effective immediately.

IT IS SO ORDERED.

Dated: January 15, 2019

United States District Judge